UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEROY PEE WEE PLUMMER,

                    Plaintiff,

                                                    CASE NO. 2:17-cv-10457
v.                                                  HONORABLE SEAN F. COX

DETROIT POLICE DEPARTMENT,
GENE'S TOWING, MICHIGAN DEPARTMENT
OF STATE, and 36TH DISTRICT COURT,

                    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I.  Introduction

This matter has come before the Court on plaintiff Leroy Pee Wee Plummer's *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is an inmate at the Cumberland Federal Correctional Institution in Cumberland, Maryland.  The defendants are the Detroit (Michigan) Police Department, a Detroit towing company known as Gene's Towing, the Michigan Department of State in Lansing, Michigan, and the 36th District Court in Detroit.

The complaint and exhibits allege that Plaintiff has been incarcerated since November 10, 2012.  On July 23, 2014, the Detroit Police Department took custody of Plaintiff's vehicle on Bedford Street in Detroit and then transferred custody of the vehicle to Gene's Towing.  On August 14, 2014, the Michigan Department of State notified Lawrence Kroh, who was the titled owner of the vehicle and the first secured party, that the vehicle was taken into custody as an abandoned vehicle and that Kroh had twenty

days in which to redeem the vehicle by paying the fees and accrued charges to the custodian of the vehicle, which was Gene's Towing.

Plaintiff alleges that, when his wife and Kroh went to retrieve the vehicle, the towing company no longer had custody of the vehicle, and the company would not provide any information regarding the location of the vehicle. Plaintiff subsequently received a collection notice for unpaid citations on his vehicle. He claims that no one can tell him where his vehicle is, and without the vehicle, his wife has no transportation to her appointments for the treatment of cancer. He seeks $2.5 million in damages.

## II.  Legal Framework

The Court recently granted Plaintiff's application to proceed without prepayment of the fees and costs for this action. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001); *see also Mattox v. Edelman, et al.,* ___ F.3d ___, ___, No. 16-1412, 2017 WL 992510, at *3 n.3 (6th Cir. Mar. 15, 2017) (stating that "28 U.S.C. § 1915(e)(2)(B)(ii) requires a district court to dismiss an [*in forma pauperis*] complaint if at any point it determines that the complaint 'fails to state a claim on which relief may be granted' ").

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to

2

state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."
*Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Finally, to prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III. Analysis

Plaintiff's complaint is frivolous and fails to state a plausible claim for relief because it does not allege any violation of federal law. Moreover, for the following reasons, the defendants are not proper parties to this action.

### A.  The Michigan Department of State and the 36th District Court

Although the Michigan Department of State issued the abandoned-vehicle notice regarding Plaintiff's vehicle, the Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.' " *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983."  *Thiokol Corp.*, 987 F.2d at 383 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).  Consequently, the Michigan Department of State is immune from suit.

The State also is not a "person" under § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), and the United States Court of Appeals for the Sixth Circuit has held that a state court likewise is not a "person," as that term is used in § 1983.  *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993).  The State of Michigan and the 36th District Court must be dismissed.

### B.  The Detroit Police Department

Municipal police departments also are not legal entities that may be sued under § 1983.  *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (citing *Haverstick*

4

*Enterprises v. Financial Fed. Credit*, 803 F. Supp. 1251 (E.D. Mich. 1992), and *Pierzynowski v. Police Dep't City of Detroit,* 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996)).  Thus, the Detroit Police Department is not a proper defendant here.

Plaintiff's claim fails even if the Court were to construe his *pro se* complaint liberally, as it must,[1] to name the City of Detroit as a defendant.  Although "[l]ocal governing bodies . . . can be sued directly under § 1983," the plaintiff must establish that the action which is alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

Stated differently, "a municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights."  *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell*, 436 U.S. at 692).  Local governments "are not vicariously liable under § 1983 for their employees' actions."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

Plaintiff has not identified a municipal policy or legislative enactment.  He also has not alleged that some custom, policy, legislative enactment, or decision adopted

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that the Supreme Court holds the allegations of pro se complaints "to less stringent standards than formal pleadings drafted by lawyers"); *Luis v. Zang*, 833 F.3d 619, 630 (6th Cir. 2016) (noting that the three-judge panel was required to "liberally construe [the plaintiff's] pro se complaint"); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (stating that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings").

and promulgated by Detroit officials caused a municipal employee to violate his constitutional rights.  For this reason, the City of Detroit cannot be held liable.

## C.  Gene's Towing

The remaining question is whether Gene's Towing is a state actor subject to suit. The towing company is a private party, and the conduct of private parties can be considered state action only when the conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).   In this circuit, there are

> three tests for determining whether private conduct is fairly attributable to the state:  the public function test, the state compulsion test, and the nexus test.
>
> > The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . ."  The typical examples are running elections or eminent domain.  The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state.  Finally, the nexus test requires a sufficiently close relationship (*i.e.* through state regulation or contract) between the state and the private actor so that the action may be attributed to the state.

*Moldowan v. Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)).  The appropriate test here is the nexus text, but

> [a] plaintiff must show more than joint activity with the state to prove that a private party working for the government is a state actor.   In particular, she must demonstrate "pervasive entwinement" between the two entities surpassing that of a mere contractual relationship.  *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 412 (6th Cir. 2006) (quoting *Brentwood Acad.* [*v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298-302 (2001)].  Similarly, the Supreme Court has held that even "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."  *Rendell-Baker v. Kohn*, 457 U.S. 830, 841, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

*Partin v. Davis,* __ F. App'x __, __ No. 16-5811, 2017 WL 128559, at *10 (6th Cir. Jan. 13, 2017).

Gene's Towing apparently had some kind of a relationship with the City of Detroit or the State of Michigan, because it is listed on the State's Notice of Abandoned Vehicle as the custodian or location where the vehicle was being held. Compl., docket no. 1, Pg ID 14. Nevertheless, the facts, as alleged in the complaint, indicate that the towing company played no role in determining that Plaintiff's vehicle was abandoned or in deciding to seize Plaintiff's vehicle.

Even if the police directed the company to tow Plaintiff's vehicle to the company's storage facility, the company's involvement falls short of demonstrating the kind of close nexus with government officials that is necessary to expose it to § 1983 liability. *Partin*, 2017 WL 128559, at *10; *cf. Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (concluding that a private towing corporation "was a state actor when it initially towed and stored the vehicle at the behest of the sheriff's office as part of an official criminal investigation"). Here, as in *Partin*, Plaintiff has not demonstrated that the towing company and the police or the State of Michigan were "pervasive[ly] entwin[ed]" with each other, such that the towing company's relationship with the police or the State surpassed that of a mere contractual relationship and made it a state actor.

## IV. Conclusion

To summarize, Gene's Towing is not a state actor, the Detroit Police Department is not a legal entity that can be sued under § 1983, the 36th District Court is not a "person" for purposes of § 1983, and the Michigan Department of State is immune from

suit.  In addition, Plaintiff has not alleged that the defendants deprived him of a right secured by the Constitution or laws of the United States.  As such, Plaintiff's complaint is frivolous and fails to state a plausible claim for which relief may be granted.  The Court therefore summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated:  March 23, 2017
s/ Sean F. Cox
Sean F. Cox
United States District Judge

I hereby certify that on March 23, 2017, the document above was served on counsel of record via electronic means and upon LeRoy Plummer via First Class Mail at the address below:

LeRoy Plummer
40325-039
Cumberland Federal Correctional Institution
P.O. Box 1000,
Cumberland, MD 21501-039

s/J. McCoy
Case Manager

8